﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/27/19

DOCKET NO. 190710-13662
DATE: September 30, 2019

ORDER

Entitlement to service connection for Goodpasture disease is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran’s Goodpasture disease began during active service, manifested to a compensable degree within one year of service separation, demonstrated continuity of symptomatology, or is otherwise related to an in-service injury, event or disease.

CONCLUSION OF LAW

The criteria for service connection for Goodpasture disease have not been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1984 to October 1984, with additional periods of service in the United States Army National Guard. 

The Board notes that the rating decision on appeal was issued in June 2019 pursuant to the Appeals Modernization Act (AMA) modernized review system. Accordingly, the June 2019 AMA rating decision considered the evidence of record as of the date of the rating decision on appeal. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran timely appealed the June 2019 rating decision to the Board and requested direct review under the AMA of the evidence considered by the RO. 

Evidence was added to the claims file during a period of time when submission of new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and re-submit this evidence. Id. (to be codified at 38 C.F.R. § 3.2501). VA will then issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision. 

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c) (2018). 38 U.S.C. § 7107(a)(2) (2012).

Service Connection

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012). Generally, the evidence must show: (1) the existence of a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden elements is through a demonstration of continuity of symptomatology if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a). Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service within one year at separation. 38 C.F.R. § 3.303(d).

Finally, 38 U.S.C. § 1154(a) requires that VA give “due consideration” to “all pertinent medical and lay evidence” in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Specifically, “[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.” Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

1. Entitlement to service connection for Goodpasture disease

The Veteran contends that he is suffering from Goodpasture disease as a result of his service. Specifically, the Veteran believes his Goodpasture disease is due to his exposure to JP-5, tear gas, and gunpowder fumes during service.

The Veteran’s service treatment records (STRs) are absent of complaints or treatment for Goodpasture disease. 

The Veteran submitted a lay statement from his aunt, Ms. J. D. She attested to the changes she observed of the Veteran since returning from service. Ms. J. D. stated the Veteran developed severe coughing and itching several years ago, which became so severe that it required hospitalization. The Veteran was diagnosed with Goodpasture disease, and since then his coughing and itching have worsened.

Private treatment records show that the Veteran was diagnosed with Goodpasture disease in November 2009. The Veteran’s renal function was severely impaired and was characterized as stage IV chronic kidney disease. In November 2018, the Veteran’s private physician opined that the Veteran’s Goodpasture disease was “probably caused by fumes inhaled in the military.” 

Also in November 2018, the Veteran submitted an opinion from his other private physician, Dr. L. E., who opined that the Veteran’s Goodpasture disease “can be associated with exposures to toxins and pulmonary injury.” In support of his opinion, Dr. L. E. submitted an article concerning health risks of chemicals found on military bases. However, Dr. L.E. did not provide any rationale for his opinion.

In February 2019, the Veteran submitted a DBQ from Dr. L.E, who stated there is “a correlation” between the Veteran’s Goodpasture disease and exposure to hydrocarbons in the military. No rationale for this opinion was provided.

In May 2019 the Veteran underwent a VA examination in conjunction with his claim. The examiner reviewed the claims file, to include private treatment records, lay statements from the Veteran and his aunt, and the private physician’s medical opinions discussed above. The examiner noted the Veteran was diagnosed with chronic kidney disease and Goodpasture disease, both in remission. The examiner noted that the Veteran has renal dysfunction and hypertension due to renal dysfunction and does not require dialysis. The examiner opined that the Veteran’s Goodpasture disease is less likely than not incurred in or caused by an in-service injury, event or illness. The examiner based his opinion on current medical research that found there is a very weak association with hydrocarbon solvents and the development of Goodpasture disease. While the exact cause of Goodpasture disease is not well known, the examiner noted, research suggests that it is a multi-factorial autoimmune response after exposures to respiratory viruses or possible hydrocarbon solvents in genetically susceptible individuals. The examiner considered the sources of the Veteran’s exposure: JP-5 (hydrocarbons), tear gas and burned gunpowder, conducted an analysis based on the known medical research and the Veteran’s medical history, and concluded that the Veteran’s Goodpasture disease is less likely related to these exposures. With respect to exposure to hydrocarbons, the strongest potential link to Goodpasture disease among the Veteran’s chemical exposures, the examiner found that the amount of exposure of hydrocarbons and the time it took to develop Goodpasture disease is not supported by the medical research.

Upon consideration of the medical evidence of record, the Board finds that the Veteran has a current diagnosis of Goodpasture disease. Thus, the requirements of Shedden element one, that of a current disability, have been met. The Board also finds that Shedden element two, that of an in-service incurrence, has been satisfied, as the Veteran was exposed to chemicals during service. However, the claim fails on Shedden element three—evidence of a link between the Veteran’s current Goodpasture disease and service. In that connection, the Board notes that the record contains conflicting medical opinions regarding a nexus between the Veteran’s Goodpasture disease and his service, to include his exposure to chemicals such as JP-5, gunpowder, and tear gas.

The Board has considered in detail the medical opinions of record, specifically the May 2019 VA examination that found the Veteran’s Goodpasture disease not to be related to service, and the November 2018 and February 2019 private physicians’ opinions that the Veteran’s Goodpasture disease “can be” or is “probably” related to service, to include his exposures to hydrocarbons. In this regard, the Board finds the May 2019 opinion to be the most probative evidence of record, as it is based on both review of the record and examination of the Veteran, considers the private opinions, and contains fully articulated and sound reasoning for the conclusions provided. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). The medical evidence of record supports the May 2019 VA examiner’s opinion, as the private treatment record shows that the Veteran was first seen for complaints of weight loss and weakness 25 years after service. The Veteran described to the May 2019 VA examiner that he suddenly became ill in 2009, strongly suggesting that Goodpasture disease was not present since service. 

The Board further finds that the probative values of the November 2018 and February 2019 private opinions are limited. The probative value of a medical opinion comes from the factually accurate, fully articulated, and sound reasoning for the conclusion. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). However, the November 2018 opinion from Dr. L.E. that opined Goodpasture disease “can be” associated with exposures to toxins and pulmonary injury is speculative in nature and does not provide the degree of certainty required for persuasive nexus evidence in this case. The February 2019 opinion from Dr. L.E. that there is a “correlation” between hydrocarbon exposure and Goodpasture disease similarly does not provide the degree of certainty required for persuasive nexus evidence. Conjectural or speculative opinions which suggest no more than some remote possibility of an etiological relationship are afforded little probative value. 38 C.F.R. § 3.102; Stegman v. Derwinski, 3 Vet. App. 228 (1992). Although the November 2018 private opinion from Dr. B. A. states that the Veteran’s exposure to fumes inhaled during service “probably” caused his Goodpasture disease, the Board finds this opinion to have little probative value as it is unsupported by rationale. The Board finds, in any event, that these opinions are outweighed by the thorough rationale set forth in the May 2019 VA examination.

To the extent the Veteran contends his Goodpasture disease is caused by his service, the Board finds that establishing the etiology of Goodpasture disease may not be made by a layperson because special medical training and testing is required to diagnose the disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). Therefore, the Board finds that the presence and etiology of the disability are determinations “medical in nature” and not capable of lay observation. Id. As such, since laypersons are not capable of opining on matters requiring medical knowledge, the Board finds that the Veteran’s opinion that his Goodpasture disease was caused by service, is not competent evidence. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

Put simply, the weight of the evidence does not establish that the Veteran had Goodpasture disease during active service or to a compensable degree within one year of separation from active service, or that his Goodpasture disease is otherwise related to active service. Accordingly, the evidence does not establish that his Goodpasture disease was incurred in or aggravated by service, nor may it be presumed to have so been incurred. 

For the foregoing reasons, the preponderance of the evidence is against the claim of entitlement to service connection for Goodpasture disease. The benefit-of the-doubt doctrine is not applicable, and the Veteran’s claim of entitlement to service connection for Goodpasture disease must be denied. See 38. U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55. 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christopher W. King, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.